FILED
SUPERIOR COURT
OF GUAM

2021 NOV 29 PM 4: 15

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>       Plaintiff,<br><br>   vs.<br><br>ALBERTO V. LUMBANG,<br><br>       Defendant. | Superior Court Case No. <u>CF0104-20</u><br><br><br>**DECISION AND ORDER RE DEFENDANT'S MOTION TO COMPEL DISCOVERY** |

Defendant Alberto V. Lumbang moves to compel discovery related to the victim. Upon reviewing the pleadings and relevant law, the Court GRANTS in part and DENIES in part Defendant's Motion.

## I.   BACKGROUND

An indictment charges Defendant with second-degree criminal sexual conduct involving a minor under fourteen years of age. Defendant now moves the Court to order the prosecutor to provide certain discovery. Specifically, Defendant seeks the production of: (1) copies of police reports regarding Jose San Nicolas and the victim, whom Defendant believes the victim has also accused of abusing her; (2) copies of any Child Protective Services ("CPS") reports about the victim; and (3) an *in camera* review of the victim's juvenile case record. The People did not file an opposition to the Motion to Compel and do not object to an *in camera* inspection of the evidence. Minute Entry (Oct. 21, 2021).

Defendant presents a theory that seeing her mother engage in sexual activity triggered the victim's report to her school and warped her motions about sexual activity. A school employee asked the victim whether she had been inappropriately touched, to which the victim described

ORIGINAL

the present allegation. On this basis, Defendant believes the conclusions drawn in the CPS

report may be relevant in establishing that no abuse occurred, arguably equating exculpatory

evidence against the charges in the case. In a similar vein, Defendant argues that copies of police

reports involving San Nicolas and the victim are relevant in establishing that the victim created

stories of abuse. Finally, Defendant argues that the victim's juvenile case record may shed light

on the victim's troubled background.

Defendant moves for disclosure of the CPS report and copies of police reports involving

Jose San Nicolas and the victim, pursuant to 8 GCA § 70.15, and an *in camera* review of the

victim's juvenile case record under 8 GCA § 70.35 and disclosure pursuant to section 70.15.

## II.  LAW AND DISCUSSION

Generally, there is no constitutional right to discovery in a criminal case and any right to

pre-trial discovery is limited to that permitted by statute or court rule.[1] Under 8 GCA § 70.15,

"upon noticed motion by the defendant and a showing of materiality to the preparation of his

defense and that the request is reasonable, the court in its discretion may order the prosecuting

attorney to disclose to the defendant's attorney any relevant material and information not covered

by § 70.10."[2] In addition, under section 70.35, "the court may permit any showing of cause for

denial or regulation of disclosures, or portion of such showing to be made *in camera*."

### A. Police Reports

Defendant first seeks copies of police reports indicating the victim alleged that San

Nicolas abused her. Defendant contends the police reports may provide evidence that the victim

displays a pattern of creating stories of abuse. Since the People did not file an objection as to the

---

[1] *See People v. Oralio*, 20 Guam 5 ¶ 9 (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) and *Cole v. State*, 835 A.2d 600, 608 (Md. 2003)).

[2] Title 8, section 70.10 of the Guam Code Annotated, defines material that is discoverable and provides the prosecutor's discovery obligations.

ORIGINAL

existence of the Police reports or their materiality, the Court finds that Defendant has established

that they may be material to the preparation of his defense and that the request is reasonable.

Accordingly, pursuant to 8 GCA § 70.15, the Court GRANTS Defendant's Motion to compel the

People to produce any police reports in its possession involving allegations that Jose San Nicolas

abused the victim.

**B. CPS Report**

Under Guam law, information reported to CPS is confidential, but it may be released to:

> Courts of competent jurisdiction, upon a finding that access to the records may
> be necessary for determination of an issue before the court. Access shall be
> limited to inspection by the court only, unless the court determines that
> disclosure of the records to interested parties is necessary for the resolution of an
> issue pending before it.

19 GCA § 13210(b)(2).

The *in camera* review of confidential child-abuse records under Section 13210(b)(2) is

consistent with 8 GCA § 70.35 and constitutional principles of due process. *See Pennsylvania v.*

*Ritchie*, 480 U.S. 39, 59-61 (1987). In *Ritchie*, the U.S. Supreme Court weighed the compelling

state interest in the confidentiality of child-abuse investigations against a criminal defendant's

due process right to the disclosure of exculpatory evidence. The Court held that both due

process and confidentiality are protected by the *in camera* review of confidential state records

where, "the court would be obligated to release information material to the fairness of the trial."

*Id.*

Here, Defendant contends the victim was referred to CPS for an investigation of the

alleged child abuse and that the conclusions drawn by CPS may establish that the allegation was

fabricated. On this basis, the CPS records regarding the victim may be necessary for a fair trial in

this case. In light of *Ritchie*, the Court must first review the CPS reports *in camera* prior to

ORIGINAL

ruling on Defendant's motion for disclosure. Accordingly, pursuant to 19 GCA § 13210(b)(2) and 8 GCA § 70.35, the Court shall review the confidential CPS records in camera and release any exculpatory evidence material to the fairness of the trial. The People are directed to submit the CPS records under seal within five business days of this Decision and Order.

### C. Juvenile Record

Finally, Defendant requests an *in camera* review of the victim's juvenile case record under 8 GCA § 70.35 and disclosure pursuant to section 70.15. Defendant alleges that, upon information and belief, there is an ongoing juvenile case involving the victim and her mother. Defendant argues that juvenile case record may provide evidence relating to the victim's troubled background. On this basis, Defendant contends that the evidence is material to his defense that the victim fabricated the alleged abuse.

Defendant's request does not provide the Court with the information necessary for it to determine whether the juvenile case record exists. Defendant has not provided a case number or any relevant facts. Moreover, Defendant has not requested that the Court unseal the victim's name in order to locate any active juvenile cases involving her. Without a more specific request, the Court is unable to determine whether the juvenile case exists and, thus, is unable to perform an *in camera* review. Accordingly, the Court DENIES Defendant's Motion for an *in camera* review of the victim's juvenile case record. Defendant may provide further specificity as to this request in a renewed motion for compelled discovery.

## III.   CONCLUSION AND ORDER

Based upon the foregoing, the Court GRANTS Defendant's motion to compel the People to produce any police reports in its possession involving allegations that San Nicolas abused the victim.

ORIGINAL

The Court shall hold Defendant's motion to disclose CPS records regarding the alleged victim in abeyance pending its review of the records *in camera*, pursuant to 19 GCA § 13210(b)(2) and 8 GCA § 70.35. The People must submit those records within five business days. Following its *in camera* review, the Court shall release to Defendant any exculpatory information material to the fairness of the trial, pursuant to *Ritchie* and 8 GCA § 70.15.

Finally, the Court DENIES Defendant's Motion for an *in camera* review of the victim's juvenile record.

SO ORDERED this 29th day of November 2021.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_____

Date: 11/24/21  Time: 4:30

_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General Richelle Canto, Office of the Attorney General, for the People of
        Guam
Assistant Public Defender David Highsmith, Public Defender Service Corporation, for
        Defendant Alberto V. Lumbang

